NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KING CLIFFORD JEFFERSON, | |
| Plaintiff, | Civil Action No. 23-3986 (RK) (TJB) |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES FEDERAL GOVERNMENT, *et al.*, | |
| Defendants. | |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff King Clifford Jefferson's ("Plaintiff") application to proceed *in forma pauperis* ("IFP," ECF No. 1-3), together with his Complaint, ("Compl.," ECF No. 1), against Defendants United States Federal Government; U.S. Federal Reserve System; U.S. Department of Treasury; as well as officers, agents, and employees (collectively, the "Defendants"). For the reasons explained below, the application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED** with prejudice.

  Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis* without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate

financial need through the submission of a complete financial affidavit. *See Atl. Cty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Plaintiff sufficiently completed the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* IFP.) Plaintiff lists a total monthly income of $2,500 from unemployment and $2,745 in monthly expenses for rent, utilities, food, clothing, laundry, medical expenses, transportation, insurance, and recreation. (*See id* at 2, 4, 5.) The application also indicates no employment in the last two years, no motor vehicles, no assets in any bank or financial institution, and no debts. (*Id.* at 2–3.) Plaintiff also lists two individuals relying on him for support. (*Id.* at 3.) From this, the Court finds that Plaintiff has pled his circumstances regarding his ability to pay with sufficient particularity and **GRANTS** Plaintiff's *in forma pauperis* application.

This case is one of a myriad of lawsuits the Plaintiff has filed in this District since 2018.[1] The subject lawsuit bears a purported seal of the "The Third Temple English Church of England" with a title of "The Crown Writ Quo Warranto." (Compl. at 1.) The Complaint asserts claims against the United States seeking to compel the federal government to adopt the "Gold Standard as established by Article 1 section 10 Contract clause." (*See generally id.*) The United States, however, is protected from suit under the doctrine of absolute sovereign immunity. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action);

---

[1] *See El Bey v. State*, No. 18-09170; *El Bey v. State*, No. 18-09171; *El Bey v. State*, No. 18-09172; *El Bey v. Sheridan*, No. 18-14976; *El Bey v. Clark*, No. 18-15377; *Jefferson El Bey V. Credit Acceptance Corporation, et al.*, No. 19-10629; *Jefferson El Bey v. Credit Acceptance Corporation, et al.*, No. 19-10726; *Jefferson v. Bank of America, et al.*, No. 22-04676; *Jefferson v. v. LP Hommes LLC, et al.*, No. 22-05883; *Jefferson v. State*, No. 22-06633; *Jefferson v. City of New Brunswick, et al.*, No. 23-01898; *Jefferson v. Christopher, et al.*, No. 23-03493; *Jefferson v. Bank of America N.A. et al.*, No. 23-03919; *Jefferson v. Bucca*, No. 23-21076; *Jefferson v. Wengui*, No. 23-23363.

*see also Clark v. Sec'y of United States Navy*, 102 F.4th 658, 661 (3d Cir. 2024); *see also Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan. 7, 2016). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012). "'It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit.'" *United States v. Craig*, 694 F.3d 509, 511 (3d Cir. 2012), as modified (Oct. 5, 2012) (quoting *U.S. v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000)); *see also Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

The Complaint makes fleeting references to the Federal Tort Claims Act ("FTCA") and its "limited waiver of sovereign immunity by the United States, permitting citizens to pursue some tort claims against the federal government." (*See* Compl. ¶¶ 1, 30, 43.) Indeed, "[t]he United States has waived its sovereign immunity in prescribed circumstances in accordance with the FTCA." *See Dalai v. Molinelli*, No. 20-1434, 2021 WL 1208901, at *9 (D.N.J. Mar. 30, 2021) (citing *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009)). To qualify for jurisdiction under the FTCA, the suit must be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*F.D.I.C.*, 510 U.S. at 477 (citing 28 U.S.C. § 1346(b)(1)) (listing six requirements) (alterations in original). To be sure, those prerequisites are not met here. There is no "injury of loss of property,

3

or personal injury or death" nor any "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" alleged in the Complaint. Thus, without qualifying for the waiver of sovereign immunity under the FTCA, Defendants are immune from this civil suit.

Beyond the blatant jurisdictional defects, Plaintiff's claims are clearly frivolous. He seeks "to compel compliance to the Gold Standard" by bringing counts under the Contracts Clause of the U.S. Constitution, art. I, § 10; various Currency Acts from the 1700's; the Jay Treaty of 1794; and certain antitrust statutes. (Compl. at 11.) The Complaint encompasses an "indisputably meritless legal theory." *Mirarchi v. United States Exec. Branch of the Gov't*, No. 23-2673, 2023 WL 8179275, at *2 (3d Cir. Nov. 27, 2023) (quoting *Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020)). Plaintiff cannot compel the use of gold on the U.S. government, and courts have consistently rejected such theories as "clearly frivolous." *See Rahman El v. First Franklin Fin. Corp.*, No. 09-10622, 2009 WL 3876506, at *7 (E.D. Mich. Nov. 17, 2009) (collecting cases rejecting such arguments).[2]

For these reasons, the Complaint is **DISMISSED WITH PREJUDICE**.

Accordingly, **IT IS** on this 16 day of December, 2024,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice; and it is further

---

[2] As this Complaint is clearly frivolous, providing Plaintiff with leave to amend his Complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile."); Therefore, this Complaint is dismissed with prejudice.

**ORDERED** that Defendants shall not be served; and it is further

**ORDERED** that the Clerk shall administratively **CLOSE** this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail.

                                                                                                              _____

                                                                    **ROBERT KIRSCH**
                                                                    **UNITED STATES DISTRICT JUDGE**